### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Herrick-Hudson LLC** | : | CASE NO. |
| 1325 Carnegie Avenue | | |
| Cleveland, Ohio  44115, | : | JUDGE |
| | | |
| Plaintiff, | : | |
| | | |
| v. | : | |
| | | |
| **Cleveland-Cuyahoga County** | : | |
| **Port Authority** | | |
| 1100 West Ninth Street | : | |
| Cleveland, Ohio  44113, | | |
| | : | |
| **Cuyahoga County, Ohio** | | |
| 2079 East Ninth Street | : | |
| Cleveland, Ohio  44115, | | |
| | : | |
| Defendants. | | |
| | : | |

---

### COMPLAINT FOR:  PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, AND ATTORNEY'S FEES AND COSTS, PURSUANT TO 42 USC 1983, *et seq.*

---

Now comes Plaintiff, Herrick-Hudson LLC ("Plaintiff" or "Herrick-Hudson"), by and through its attorneys, and for its Complaint against Defendants: Cleveland-Cuyahoga Port Authority and Cuyahoga County, Ohio, and states the following:

1

## I.   **Introduction**

1.     The right to own real estate and enjoy all of the statutory rights inherent and appurtenant thereto is a fundamental right in the United States. In this matter, it is the statutory right of a property owner pursuant to Ohio Revised Code §5307.01 to compel partition of real property which is subject to the undivided  ownership interests of two or more persons or entities.

2.     This statutory right provides that any owner of an undivided interest in real property in the state of Ohio, as defined as "Tenants in common, survivorship tenants, and *coparceners,* of any estate in lands, tenements, or hereditaments within the state, may be *compelled* to make or *suffer* partition thereof."

3.     The exercise itself, and method of such exercise of this fundamental right is narrowly proscribed by statue, so as to prevent and/or avoid any obstruction or interference by persons or entities which are not so permitted by statute

4.     This proceeding is brought by Plaintiff as the fee simple title owner and Ground Lease Lessor of an undivided one-half interest in certain real estate in the City of Cleveland, generally located at the intersection of East Ninth Street and Prospect Avenue. The real estate is comprised of one parcel of approximately 0.80 acre and is Cuyahoga County Permanent Parcel Number 101-36-026 (the "Property").  The Property lies beneath one-third of the Cuyahoga County Administrative Headquarters  Building ("CCAHB").

5.     The subject of this proceeding before the Court is the unlawful and continuous interference in and obstruction of, a certain Partition Action by Plaintiff's tenant and twice-removed sub-tenant. Which tenants and sub-tenants are:  Plaintiff Herrick-Hudson's Ground Lease *lessee,* Defendant, Cleveland-Cuyahoga County Port Authority (the "Port" or "Defendant Port"),

2

*and* Defendant, Cuyahoga County (the "County" or "Defendant County" ), as the Plaintiff's twice-removed Ground Lease s*ub-lessee.*

6.　　　Said obstructions and interferences by Defendants, acting jointly and/or severally, have at all relevant times hereto and continuing, unlawfully deprive Plaintiff of its rights to due process in the Partition Action and otherwise; as set forth in the Fifth Amendment of the Constitution of the United States to the United States and/or constitute the effective de facto confiscation and/or taking of the Property. And, as such are discretely and/or collectively, actionable pursuant to 42 United States Code, Section 1983 (42 USC 1983).

7.　　　Plaintiff further respectfully requests herein that this Court (i) determine and find that the Defendant *lessees* have no rights or standing to participate in, intervene in, interfere in, obstruct or otherwise impair the Plaintiff's rights to due process in the Partition Action set forth herein; (ii) enjoin Defendants from any such conduct as set forth herein, (iii) enter judgment for Plaintiff and against Defendants, jointly and severally for compensatory damages in the sum of Five Million Dollars ($5,000,000.00); and (iv) punitive damages in the sum of Ten Million Dollars ($10,000,000.00); as and for the aggregate amount of Fifteen Million dollars ($15,000,000.00)

## II.　　Parties

8.　　　Herrick-Hudson is a Virginia limited liability company licensed to conduct business in the State of Ohio, and is a fee simple owner of an undivided one-half interest in the Property; and is also the present Lessor to Defendant Port pursuant to a certain Ground Lease by and between several prior Lessors and several prior Lessees; and the twice-removed sub-lessor to Defendant County.

9.　　　Defendant Port is:

a.      A quasi-governmental entity created in 1968 pursuant to Ohio Revised Code §4582 for the proprietary purposes of the promotion of economic growth in Cuyahoga County.

b.      The Tenant/Lessee of  Plaintiff pursuant to a certain Ground Lease by and between Plaintiff's predecessors in title and Defendant Port's predecessor Lessees.

c.      The sub-lessor to Defendant County.

d.      The fee simple owner of an undivided one-half (1/2) interest in the Property.

e.      The sole obligor of a certain Bond Indenture which financed the construction of the present Cuyahoga County Administrative Headquarters Building.

10.     Governed by a seven-member Board of Directors comprised of three members appointed by Defendant County, and of which the present Chair and Fiscal Officer of said Board are appointees of Defendant County.

11.     Defendant County is an Ohio county established, existing, and operating pursuant to Ohio Revised Code § 301.01 *et seq.*; and is the sole Sub-Lessee of  Defendant/Tenant Port pursuant to a certain County Sub-Lease.  Defendant County solely and exclusively occupies the Property upon which has been constructed the present Cuyahoga County Administrative Headquarters Building ; and, solely and exclusively as a twice-removed sub-lessee of Defendant Port.

12.     There is no legal, contractual or other relationship of any kind whatsoever and/or any legal and/or equitable privity between Plaintiff and Defendant County.  As such, Defendant

4

County is solely and exclusively 'associated' with the Property as a twice-removed sub-tenant/sub-lessee.

### III.   Jurisdiction and Venue

13.     This Court has exclusive subject matter jurisdiction over this matter pursuant to 28 U.S.C.§1331 by reason that a federal question is hereby before this Court, as has been made pursuant to alleged violations of Plaintiff's rights under the Fifth Amendment to the United States Constitution and as such, is actionable pursuant to 42 USC 1983.

14.     This Court has monetary jurisdiction pursuant to 28 USC 1332 as the amount in controversy in this proceeding exceeds Seventy-Five Thousand Dollars ($75,000.000).

15.     Venue is proper in this Court for this proceeding, pursuant to 28 USC 1391(b)(1) and (2), as: (i) all acts, omissions, and/or events asserted herein occurred in this District; and (ii) Plaintiff and all Defendants are residents of this District.

### IV.   The Property and the Cuyahoga County Administrative Headquarters Building

16.     The Property, together with other directly abutting parcels (which are owned by Defendant Port in fee simple) comprise the site upon which the CCAHB has been constructed by Defendant Port; and is now occupied by twice-removed sub-Lessee, Defendant County.  The Property comprises approximately 33% of the total assembled real estate parcels, e.g. the footprint occupied by the CCAHB.

### V.   Introductory Factual and Procedural Background

17.     The sequence of events leading up to the commencement of the Partition Action are as follows:

a.   Herrick-Hudson acquired an undivided one-half (1/2) fee simple interest in the Property, and a one-half (1/2) undivided *Lessor's* interest in the Ground Lease.

b.   Defendant Port, in February of 2013, acquired the other undivided one-half (1/2) fee simple interest in the Property, and a one-half (1/2) undivided *Lessor's* interest in the Ground Lease; from an unrelated private party.

c.   Defendant Port, in February of 2013, further became the sole Ground Lease *Lessee* of Plaintiff by operation of an assignment of the prior Ground Lease Lessee's interest; from an unrelated private party.

d.   Defendant Port, in 2012 and 2013, acquired from unrelated private parties, fee simple title to several abutting parcels of land which it has used to create the complete ground 'footprint' upon which the CCAHB has been constructed; by Defendant Port;

e.   The 'footprint', e.g. the area of the entire CCAHB building site is comprised of: (i) the Property: 33%;  and (ii) the abutting parcels: 67%.

f.   The construction of the CCAHB by Defendant Port upon the Property and the abutting parcels was financed by 'Port Authority' publicly issued and sold approximately $90,000,000.00 of "Port Authority Revenue Bonds" (Bond Indenture) which are secured/collateralized by:(i)the improvements to the Property, i.e. the CCAHB structure and appurtenant rights; (ii) a first mortgage upon the abutting parcels; (iii) the assignment of a lease of the abutting parcels between Defendant Port and Defendant County; (iv) the assignment of the Sub-Lease

between the Defendant Port and Defendant County; and (v) the assignment of Defendant Port's undivided one-half (1/2) Lessor's interest in the Ground Lease.

g.    The continued and final adjudication of the Partition Action, including either the sale of Defendant Port's undivided one-half (1/2) interest in the Property and the Ground Lease to Plaintiff and/or by public auction as mandated by Ohio Revised Code §5703, *et. seq.* would operate to defease Defendant Port of said interests and as such; constitutes an event of default under the terms and conditions of the Bond Indenture. Said risk of permanent defeasement and resulting material Bond Indenture default; on information and belief, is the underlying factor behind the joint and several intent, motive, and unlawful conduct of Defendants with respect to the Partition Action.

h.    Plaintiff is not a party to, or beneficiary of, Defendant Port's sub-lease to Defendant County; i.e., the CCAHB is constructed upon the combination of: (i) the unrelated abutting parcels owned in fee simple by the Port; and (ii) the Property is sub-leased by Defendant Port to Defendant County in its capacity as the Ground Lease *lessee* of Plaintiff.

## VI.   Initial and Preliminary Summary

18.    The above detailed sequence of events and actions are in summary:

a.    Defendant Port acquired its undivided one-half (1/2) interest in the Property and the Ground Lease, it then proceeded to implement the approximate $90,000,000.00+ 'CCAHB project'.

7

b.    The execution of the 'project' resulted in:  (i) the  acquisition of adjacent parcels for assemblage into the CCAHB footprint; (ii) the sub-lease with Defendant County; and (iii) the issuance and sale of the Bond Indenture securitized as described above.

c.    In the implementation of this complex plan and financing, the Port and the County neglected to understand and plan for the legal, lending, hypothecation, and economic reality of the risk of a future compulsory statutory partition action by Plaintiff as the owner of and undivided one-half (1/2) interest in the Property upon which the CCAHB was constructed.

d.    Presently, because the Partition Action has reached the point where: (i) further and complete statutorily mandated adjudication and sheriff's public sale will divest Defendant Port of its undivided one-half (1/2) interest in both the Property and the Ground Lease; and (ii) as such, this statutorily mandated event will constitute a material event of default under the Bond Indenture, Defendants in their asserted capacities as 'tenants' are unlawfully obstructing and interfering in the Partition Action, and de facto, have confiscated and/or taken the Property without due process in violation of Plaintiff's rights under Fifth Amendment of the United States Constitution and as such is actionable pursuant to 42 USC 1983.

## VII.   **The Partition Action**

19.    Ohio Revised Code §5307.01 provides that, "Tenants in common, survivorship tenants, and *coparceners,* of any estate in lands, tenements, or hereditaments within the state, may be *compelled* to make or *suffer* partition thereof."  Notably, R.C. §5307.01, *et seq.* although archaically identifying two or more fee simple owners as 'tenants' such definition does not

comprise or identify 'tenants' as other than the several *fee simple* owners of the real estate subject to partition.

20.     Pursuant to Ohio Revised Code §5703.01 *et. seq.*, a partition action consists of narrowly proscribed *statutorily mandated* sequential *compulsory* events:

(i)     A complaint is filed by any one or more fee simple owners of any undivided interests in the property which will be subject to the partition;

(ii)    The complaint for partition is served upon any and all undivided fee simple title holders of record which are therefore required to answer and state their interests, indicate consent to the partition or assert one or more of the statutorily proscribed responses;

(iii)   The court determines the action is statutorily sufficient also determines if the property is subject to physical subdivision among the several owners, and, if not;

(iv)    The court appoints one to three commissioners which determine that the property is not divisible among the several owners and; determine a 'snapshot' in time value of the entire property;

(v)     The several owners then are afforded the right and opportunity to elect to buy one another's interests and if no agreement is reached;

(vi)    The court orders a public sale of the entire property by the county sheriff and distributes the proceeds, net of costs, to the several owners pro rata; and

(vii)   Today, the Partition Action, prior to the interference and obstruction set forth herein had proceeded to:  (a) the determination by the commissioners that:  (i) the Property is not divisible; and (ii) a value has been determined; (b) Plaintiff has elected to

9

acquire Defendant Port's one-half (1/2) undivided interest at said value; and (c) Defendant Port has elected not to counter-acquire or sell.

21.     On April 4, 2013, Plaintiff herein, also as the Plaintiff therein; commenced a partition action in the Cuyahoga County Common Pleas Court, known as *Herrick-Hudson v. Cleveland-Cuyahoga County Port Authority*, Case No. CV 13 804221, seeking partition of the Property pursuant to Ohio Revised Code 5703.01, *et seq.* (the "Partition Action").  The only parties to this proceeding, until June 18, 2019, were Plaintiff and Defendant Port as the sole fee simple owners of their respective undivided one-half (1/2) interests in the Property.

22.     The Partition Action remains pending although de facto inactive, and the CCAHB has been completed notwithstanding the Partition Action.  Defendant Port remains the Ground Lease Tenant and Sub-Lessor to  twice-removed Defendant Sub-Lessee, County.

23.     The due process proceedings of the Partition Action have been subject to  the repeated, unlawful, and continuous obstruction by Defendant Ground Lease Lessee Port and Defendant twice-removed Sub-Lessee County.

24.     Said unlawful and continuous obstruction of the Partition Action by Defendant Lessee Port and Defendant twice-removed sub-Lessee County have deprived Plaintiff of its constitutional rights to due process in the Partition Action, and has, in particular, unlawfully prevented Plaintiff from completing the Partition Action, and: (i) obtaining title to co-parcener Port's undivided one-half (1/2) interest; or alternatively, (ii) permitting Plaintiff to bid for the Property and either (a) winning the bid, or (b) obtaining its share of the proceeds, either as and at the statutorily mandated sheriff's public sale.  Indeed, none of the foregoing statutorily mandated events have occurred notwithstanding Plaintiff's acceptance of the commissioner's findings and

the timely and unconditional tender of the full purchase price for said interest established by the Court pursuant to R.C. §5701.06.

25.     Plaintiff further asserts that all of the acts which will be set forth in additional detail herein were undertaken, and continue to be undertaken, by Defendants, acting both independently and/or in concert under the asserted/apparent color of law as the statutorily established Cleveland-Cuyahoga County Port Authority and the County of Cuyahoga.

26.     On or about April 11, 2018, pursuant to the application by Plaintiff and Defendant, the Cuyahoga County Common Pleas Court proceeded under R.C. §5307.09 to appoint three commissioners to determine: (i) if the Property was subject to partition by equitable division of the fee between the co-parceners; or (ii) if it could not be so divided, what was the value of the entire Property.

27.     On November 30, 2018, the three Commissioners appointed by the Court submitted their report (the "Report") which inter-alia, found that the Property: (i) was subject to a compulsory adjudication of partition; (ii) was not subject to partition by physical division; and (iii) established a 'snapshot in time' value of $1,350,000.00 for the entire parcel.

28.     On December 21, 2018, Plaintiff, pursuant to O.R.C. §§5307.06 and 5307.09, submitted its unconditional Notice of Acceptance of the Report and Election to immediately acquire the undivided one-half (1/2) interest of co-parcener Port, and in connection therewith, unconditionally tendered the full amount the commissioners' value of Defendant Port's one-half (1/2) of the Property as set forth in the Report.

29.     The foregoing Notice and Election constituted the Plaintiff's complete and timely exercise of its statutory rights and compliance with each and every one of its statutory obligations

pursuant to the Ohio Revised Code; including the tender of the full amount of purchase price as determined by the Report, as well as accepting all of its statutory obligations for the payment all costs and expenses of the Court, the Clerk, the Sheriff, and one-half (1/2) of the costs of the Commissioners.

30.     On December 27, 2018, Defendant Port, as the Ground Lease *Lessee*, submitted what it asserted was its "opposition" to Plaintiff's Notice and Election, and therein as Ground Lease Lessee demanded that the previously established "Ground Lease Rental" must be somehow 're-determined' in the Partition Action as a condition of adjudication; notwithstanding that such rental had: (i) been established on March 1, 2013 by a Court Order in an unrelated and inactive case (Cuyahoga County Common Pleas Court, Case No. CV 09 61954); and (ii) which case by a final Order, retained exclusive permanent jurisdiction over any Ground Lease rental disputes between any past, present, or future Ground Lease lessees and lessors.

31.     On March 23, 2018, Defendant/Sub-lessee County filed a 'Motion' to: (i) 'Intervene in the Partition Action' in its capacity as the twice- removed sub-lessee of Plaintiff; and (ii) proceed with one or more third party 'Declaratory Judgement' claims, which by incredible coincidence; also demanded the 're-determination' on behalf of the County as the twice-removed sub-lessee, "the Ground Lease rental" between Plaintiff and Defendant Port as the Ground Lease lessee.

32.     The foregoing conduct by Defendant County was undertaken notwithstanding that: (i) Defendant County was not a party to the Ground Lease, being solely a twice-removed sub-tenant; (ii) Defendant County has no obligation to pay Plaintiff any Ground Lease Rental; (iii) the Ground Lease Rental had been established on March 1, 2013 by a Court Order in an unrelated and inactive case (Cuyahoga County Common Pleas Court, Case No. CV 09 61954); and (iv) said case

by a final Order, retained exclusive permanent jurisdiction over any disputes between any past, present, or future Ground Lease lessee and lessor; but never exercised nor retained any jurisdiction over any future, hypothetical, speculative,  or theoretically twice removed sub-tenants.

33.     On June 18, 2019, as a direct result of the unlawful obstruction and/or interference in the Partition Action by Defendants, the six-year long Partition Action has been rendered de facto inactive by Defendants' assertion that continued adjudication of the Partition Action is conditioned upon some sort of indefinite, speculative, unspecified, undefined, and unknown 'future' 're-determination' of "the Ground Lease Rental" for the remaining 80+ years of the Ground Lease. These statutorily unrecognized acts, events, occurrences, and conditions have been jointly and severally demanded in the Partition Action by Defendant/Ground Lease *Lessee* Port and Defendant *twice-removed Sub-Lessee* County.  The foregoing conduct has unconditionally deprived Plaintiff of its rights to due process in violation of the Fifth Amendment of the United States Constitution and as such, is actionable pursuant to 42 USC 1983.

**VIII.   Unlawful Obstruction of the Partition Action**

34.     Ohio Revised Code §5307 *et seq* expressly *mandates* that a right to partition is a *compulsory* remedy which is not conditional or optional; once a *fee simple* owner 'makes' a demand for partition, all other owners of the remaining undivided *fee simple* interests must 'suffer' the partition proceedings.

35.     Ohio Revised Code §5307 *et seq.* expressly mandates that *the only parties permitted by law to engage or participate in a partition* action are the lawful owners of any and all undivided interests in the *fee simple title* of the subject property.

13

36. Ohio Revised Code §5307 *et seq.* expressly mandates that there are no provisions for the participation in such proceedings by any *tenant* or *lessees* of the fee simple owners/co-parceners making or suffering the partition, without any exceptions, conditions, or limitations whatsoever.

37. Additionally, any ultimate 'buyer' of the at issue undivided interests, either by order of the court as to one or more of the co-parceners, or if the co-parceners cannot agree to buy the other party's interests, sale by public auction by the county sheriff, any such successor in title takes the entire fee simple interest, subject however to any leases, licenses, liens, taxes, encroachments, easements, mortgages, or other impairments or appurtenances of record or otherwise.

38. Ohio Revised Code §5307.01 expressly identifies and limits those persons or entities which are entitled to seek and/or participate in a partition action solely and exclusively to the fee simple owners, and Ohio Revised Code §5307.01 does not, in any manner whatsoever, identify a *lessee* of the property subject to a compulsory partition action as a party permitted to either initiate or join a partition action.

39. Defendant/Ground Lease Lessee Port is not a person or entity entitled to seek and participate in a partition as set forth in Ohio Revised Code §5307.01, and therefore has no standing and/or legal right as set forth in Ohio Revised Code §5307.01 to participate as a Lessee in the subject Partition Action.

40. Defendant County, as the twice-removed Ground Lease Sub-Lessee is not a person or entity entitled to seek and/or participate in a partition action as set forth in Ohio Revised Code §5307.01, and therefore has no standing and/or legal right as set forth in Ohio Revised Code §5307.01 to participate as a twice-removed Sub-Lessee in the subject Partition Action.

41.     Plaintiff herein, as Plaintiff in the Partition Action, has properly and timely exercised and/or discharged its statutory rights, obligations, and remedies for the partition of the Property pursuant to Ohio Revised Code §5307.01.

42.     Plaintiff states and asserts that the unlawful and continuous obstruction of the Partition Action by Defendant Ground Lease Lessee Port and Defendant twice-removed Sub-Lease Lessee County, has prevented Plaintiff from rightfully obtaining Defendant Port's co-parcener's undivided one-half (1/2) interest in the Property by operation of the Partition Action as required by Ohio Revised Code §5703.01, and Plaintiff thereby enjoying the benefit of the ownership of both undivided one-half (1/2) interests in the Property, and a such has deprived and continues to deprive Plaintiff of such rights and benefits in violation of the Fifth Amendment of the United States Constitution and is actionable pursuant to 42 USC 1983.

43.     Said undivided one-half (1/2) interests in the Property, on information and belief, have a reasonably calculable value of at least $5,000,000.00; therefore, Plaintiff is being damaged by Defendants' unlawful confiscation and/or taking thereby in the sum of at least $5,000,000.00.

## IX.     Deprivation of Plaintiff's Rights to the Property and Confiscation of Plaintiff's Interest in the Property

44.     Ohio Revised Code §5307 *et seq.* mandates that the only parties permitted by law to engage or participate in a partition action are the lawful owners of any and all undivided interests in the fee simple title of the subject property. Additionally it mandates that the sole issues in a partition action are: (i) whether the property is amenable to physical division; (ii) if not, what is the value of the whole at the time of the partition determination; (iii) are any parties amenable to acquiring the interests of another; and (iv) if no such agreement, then public auction by the sheriff of the county in which the property and proceedings are located/venued.

15

45.     Ohio Revised Code §5307 *et seq*. expressly mandates that there are no provisions for the participation in such proceedings by any tenant or lessees of the co-parceners, and/or or the rights of any persons or entities which are not *fee simple holders of an interest in the property subject to the partition action,* without any exception, condition, or limitation whatsoever.

46.     Ohio Revised Code §5307.01 expressly identifies and limits those persons or entities which are entitled to seek and/or participate in a partition action, and Ohio Revised Code §5307.01 does not identify a *lessee* of property subject to a partition action as a party permitted to either initiate or join a partition action.

47.     Defendant/Ground Lease Lessee Port is not a person or entity entitled to seek and participate in a partition as set forth in Ohio Revised Code §5307.01, and therefore has no standing and/or legal rights as set forth in Ohio Revised Code §5307.01 to participate as a Lessee in the subject Partition Action.

48.     Defendant County, as the twice-removed Ground Lease Sub-Lessee is not a person or entity entitled to seek and/or participate in a partition as set forth in Ohio Revised Code §5307.01, and therefore has no standing as set forth in Ohio Revised Code §5307.01 to participate as a twice-removed Sub-Lessee in the subject Partition Action.

49.     Plaintiff herein, as Plaintiff in the Partition Action has properly and timely exercised and/or discharged its statutory rights, obligations, and remedies for the partition of the Property pursuant to Ohio Revised Code §5307.01.

50.     Plaintiff states and asserts that the unlawful and continuous obstruction of the Partition Action by Defendant Ground Lease Lessee Port, and Defendant twice-removed Sub-Lease Lessee County, has: (i) prevented Plaintiff from rightfully obtaining the co-parcener's

undivided one-half (1/2) interest in the Property by operation of the compulsory Partition Action as required by R.C. §5703.01, and thereby enjoying the benefit of the ownership of both undivided one-half (1/2) interests in the Property; and (ii) has effectively rendered Plaintiff's undivided one-half (1/2) interest valueless by reason of preventing Plaintiff from proceeding under Ohio Revised Code §5703 *et. seq.* and thereby exercising its statutory rights as an owner of real estate unconditionally and lawfully entitled to proceed with the compulsory judicial partition of said real estate.

51.     The foregoing conduct by Defendants also operates as a de facto confiscation of the Property as Plaintiff: (i) cannot proceed with the compulsory Partition Action; (ii) the Property cannot be sold because Plaintiff's statutory rights to compulsory partition have been violated by the conduct of Defendants; and (iii) any public auction mandated by Ohio Revised Code §5703.01 *et. seq.* cannot proceed, and as such preventing Plaintiff from otherwise acquiring the remaining undivided one-half (1/2) interest.   In summary, the Property cannot be sold or otherwise dealt with because Plaintiff's statutory right of compulsory partition inherent in the Property has been abrogated by Defendants, and as such constitutes a taking of Plaintiff's Property without due process in violation of the Fifth Amendment of the United States Constitution and as such, is actionable pursuant to 42 USC 1983.

**Count One**

**Preliminary and Permanent Injunctive Relief, Prohibition of Defendants'
Obstruction of and Interference in the Partition Action**

52.     Plaintiff restates and realleges all the allegations set forth in Paragraphs 1 through 51 of its Complaint as if fully rewritten herein.

53.     Plaintiff has an unconditional right under the Fifth Amendment to the United States Constitution to due process in judicial proceedings without obstruction, interference, or impairment by any person or entity which has no legal standing and/or right to engage in such unlawful conduct.

54.     Defendant/Ground Lease Lessee Port is not a person or entity entitled to seek and participate in a partition as set forth in Ohio Revised Code §5307.01, and therefore has no standing or right as set forth in Ohio Revised Code §5307.01 to participate as a Lessee in the subject Partition Action.

55.     Defendant County, as  the twice-removed Ground Lease Sub-Lessee is not a person or entity entitled to seek and/or participate in a partition as set forth in Ohio Revised Code §5307.01, and therefore has no standing as set forth in Ohio Revised Code §5307.01 to participate as a twice-removed Sub-Lessee in the subject Partition Action.

56.     The conduct of Defendants, jointly and/or severally, constitutes an unlawful interference in and obstruction of the due process to which Plaintiff is entitled to in the Partition Action, and as such constitutes conduct in violation of the Fifth Amendment of the United States Constitution and as such, is actionable pursuant to 42 USC 1983.

57.     42 USC 1983 provides for injunctive relief and as such Plaintiff hereby respectfully requests that this Court enjoin Defendants from any interference in the Partition Action as lessees, and as such: (i) enjoin Defendant Port from any participation in the Partition Action as the Ground Lease Lessee; (ii) enjoin Defendant Port as Ground Lease Lessee from engaging in, assisting, or otherwise interfering in or obstructing the Partition Action; (iii) enjoin Defendant County from any participation in the Partition Action as twice-removed Ground Lease Lessee; (iv) enjoin

Defendant County from engaging in, assisting, or otherwise interfering in or obstructing the Partition Action; and (v) order Defendant County to dismiss its asserted Declaratory Judgment claims in the Partition Action with prejudice.

### Count Two

### Preliminary and Permanent Injunctive Relief;
### Prohibition of Confiscation and/or Taking of Real Estate

58.     Plaintiff restates and realleges all the allegations set forth in Paragraphs 1 through 57 of its Complaint as if fully rewritten herein.

59.     Plaintiff, as the fee simple owner of real estate in the State of Ohio, has an unconditional right under the Fifth Amendment to the United States Constitution to due process in a judicial proceeding, herein to commence the compulsory partition of said real estate without obstruction, interference, or impairment by any person or entity which has no legal standing and/or right to engage in such unlawful conduct.

60.     Defendant/Ground Lease Lessee Port is not a person or entity entitled to seek and participate in a partition as set forth in Ohio Revised Code §5307.01, and therefore has no standing or right as set forth in Ohio Revised Code §5307.01 to participate as a Lessee in the subject Partition Action.

61.     Defendant County, as the twice-removed Ground Lease Sub-Lessee is not a person or entity entitled to seek and/or participate in a partition action as set forth in Ohio Revised Code §5307.01, and therefore has no standing as set forth in Ohio Revised Code §5307.01 to participate as a twice-removed Sub-Lessee in the subject Partition Action.

62.     The conduct of Defendants, jointly and/or severally, constitutes an unlawful interference in and obstruction of the due process to which Plaintiff is entitled to in the Partition

19

Action and as such: (i) has prevented Plaintiff as an owner of real estate in the State of Ohio from exercising its rights to compel partition of such real estate as provided in Ohio Revised Code §5703 *et. seq.*; (ii) has, by depriving Plaintiff of its lawful right to seek partition as a right and remedy under law, constitutes the de facto confiscation of the Property without due process; and (iii) as such constitutes conduct in violation of the Fifth Amendment of the United States Constitution and as such, is actionable pursuant to 42 USC 1983.

63.     42 USC 1983 provides for injunctive relief and as such Plaintiff hereby respectfully requests that this Court preliminarily and permanently enjoin Defendants from any interference in the Partition Action as lessees; and as such: (i) enjoin Defendant Port from any participation in the Partition Action as the Ground Lease Lessee; (ii) enjoin Defendant County from any participation in the Partition Action as twice-removed Ground Lease Lessee; (iii) enjoin Defendant County from engaging in any other acts which would constitute interference in or with the Partition Action; (iv) order Defendant County to dismiss its asserted Declaratory Judgment claims as made in said Partition Action, with prejudice; and (v) otherwise enjoin Defendants without limitation as to any acts which would constitute or operate as present or future confiscations and/or takings of Plaintiff's Property and/or rights inherent in or appurtenant thereto.

### Count Three

### Damages Resulting From Interference and Obstruction

64.     Plaintiff restates and realleges all the allegations set forth in Paragraphs 1 through 63 of its Complaint as if fully rewritten herein.

65.     Plaintiff, as the fee simple owner of real estate in the State of Ohio, has an unconditional right under the Fifth Amendment to the United States Constitution to due process in

a judicial proceeding to compel the partition of said real estate without obstruction, interference, or impairment by any person or entity which has no legal standing and/or right to engage in such unlawful conduct.

66.     Defendant/Ground Lease Lessee Port is not a person or entity entitled to seek and participate in a partition as set forth in Ohio Revised Code §5307.01, and therefore has no standing or right as set forth in Ohio Revised Code §5307.01 to participate as a Lessee in the subject Partition Action.

67.     Defendant County, as the twice-removed Ground Lease Sub-Lessee is not a person or entity entitled to seek and/or participate in a partition as set forth in Ohio Revised Code §5307.01, and therefore has no standing as set forth in Ohio Revised Code §5307.01 to participate as a twice-removed Sub-Lessee in the subject Partition Action.

68.     The conduct of Defendants, jointly and/or severally, constitutes an unlawful interference in and obstruction of the due process to which Plaintiff is entitled to in the Partition Action and as such: (i) has prevented Plaintiff as an owner of real estate in the State of Ohio from exercising its rights to compel partition of such real estate as provided in Ohio Revised Code §5703 *et. seq.*; and (ii) as such constitutes conduct in violation of the Fifth Amendment of the United States Constitution; and as such, is actionable pursuant to 42 USC 1983.

69.     The conduct of Defendants, jointly and/or severally, constitutes an unlawful interference in and obstruction of the due process to which Plaintiff is entitled to in the Partition Action and as such: (i) has prevented Plaintiff as an owner of real estate in the State of Ohio from exercising its rights to compel partition of such real estate as provided in Ohio Revised Code §5703 *et. seq.*; (ii) by depriving Plaintiff of its lawful right to seek partition as a right and remedy under

21

law, constitutes the de facto confiscation and/or taking of the Property; and (iii) as such constitutes conduct in violation of the Fifth Amendment of the United States Constitution and 42 USC 1983.

70.     42 USC 1983 provides for the imposition of monetary damages as an alternative to and/or in conjunction with, a claim for injunctive relief and as such Plaintiff therefore respectfully requests that this Court award monetary damages to Plaintiff in an amount which will fairly and reasonably compensate it for the unlawful confiscation and/or taking of its real estate in a sum of at least $5,000,000.00 and award reasonable attorney's fees, costs, and expenses.

**Count Four**

**Determination and Award of Punitive Damages**
**Arising From Obstruction, Interference and Confiscation**

71.     Plaintiff restates and realleges all the allegations set forth in Paragraphs 1 through 70 of its Complaint as if fully rewritten herein.

72.     42 USC 1983 provides for an award of punitive damages to a plaintiff for the actions of a defendant, if defendant acts intentionally and/or with callous disregard for a plaintiff's rights.

73.     42 USC 1983 in certain instances, is not applicable to governmental entities against claims for punitive damages unless such are an outrageous abuse of constitutional rights, and/or constitute oppression or insult; in this case, the willful and blatant interference in and obstruction of the Partition Action, and/or the de facto confiscation of Plaintiff's Property.

74.     Plaintiff, on information and belief, asserts Defendant Port, as a quasi-public entity, is not in any manner protected from claims pursuant to 42 USC 1983 as its statutory enablement, function and purpose is exclusively proprietary; and as such is not the exercise of any police or public policy power.

22

75.     Plaintiff, on information and belief, asserts Defendant County, even as a public entity, is not in any manner protected from claims pursuant to 42 USC1983 because its conduct as alleged herein is solely and exclusively the proprietary function of leasing office facilities, and as such is not the exercise of any police or public policy power.

76.     It is uncontroverted that Defendants have participated in the Partition Action solely and exclusively as *lessees,* notwithstanding the express exclusionary mandates of Ohio Revised Code §5703 *et. seq.,* and therefore such conduct constitutes a continuing, willful, and blatant and as such, is actionable pursuant to 42 USC 1983.

77.     The fundamental concepts and principles of punitive damages is based on: (i) the ability of a defendant to pay and such determination; (ii) the right of a plaintiff to additional compensatory damages for its harm from the delay and/or denial of any relief sought by a plaintiff arising from the egregious conduct of a defendant; and (iii) the concept that a punitive award should act as a deterrent to the defendant to ensure for forbearance of such conduct in the future.

78.     With regard to the foregoing: (i) it is uncontroverted that Defendants have the 'ability' to pay not only the monetary damages sought herein, but also; (ii) any fair and reasonable punitive damages award; and (iii) that the amount of punitive damages to be awarded must necessarily be sufficient to deter any such conduct in the future.

79.     In the foregoing context, the Court is respectfully urged to recognize that the right to own real property and its appurtenant rights, including but not limited to seek and obtain lawful partition, is so fundamental and firmly established in the fabric of the law and the courts that egregious conduct, such as demonstrated by Defendants, cannot be permitted to be continued nor deemed acceptable, in particular the harm of interference, obstruction, and de facto confiscation.

23

80.     In the context of the foregoing, however, an award of punitive damages should not be so large as to unduly punish the constituents of Defendants, which would thus not have access to funds otherwise available for their collective benefit.  However, in the context of the publicly announced annual budgets of Defendants, such would not be measurably impacted by a reasoned award.

81.     It can be reasonably inferred from the conduct of Defendants that decisions to engage in both the obstruction, interference, and de facto confiscation  and/or taking of Plaintiff's Property are not unintended actions or spontaneous utterances by Defendants, but instead, are clearly and unambiguously the product of multiple decisions made by public officials, expressly made to avoid the consequences of defeasance of Defendant Port in title, and the resulting material default of the Bond Indenture.

82.     In the foregoing context, Plaintiff respectfully requests that this Court determine that the conduct of Defendants, jointly and severally, constitute an outrageous abuse of Plaintiff's constitutional rights, and/or constitute oppression or insult.  Therefore, the Court should find that an award of punitive damages in the sum of $10,000,000.00 is: (i) reasonably related to Plaintiff's demand for $5,000,000.00 in compensatory damages; (ii) constitutes a nominal fraction of Defendants' 2019 budgets, and thus Defendants' constituents will not suffer; and (iii) is an amount that would be reasonably expected to deter Defendants and any persons responsible for their joint and several conduct from contemplating and/or engaging in any such conduct in the future.

83.     Therefore, Plaintiff respectfully requests that Defendants be found to have engaged in joint and several conduct which constituted an outrageous abuse of Plaintiff's constitutional rights, and/or constitute oppression or insult, in this case, the willful and blatant violation of

24

Plaintiff's rights under the Fifth Amendment of the United States Constitution and as such, are actionable pursuant to 42 USC 1983, including but not limited to unlawful interference in and obstruction of the Partition Action and the de facto confiscation and/or taking of Plaintiff's Property, and therefore award Plaintiff punitive damages in the sum of $10,000,000.00.

84.    Plaintiff further respectfully requests that any award of punitive damages that may be considered by this Court independently of any determination or order of injunctive relief  for the appropriate purpose of acting as a deterrent to similar future conduct.

WHEREFORE, Plaintiff respectfully requests that this Court make the following findings, determinations, judgments, and/or awards of compensatory and punitive damages:

A.    On Count One of Plaintiff's Complaint - find and determine that Defendants have jointly and severally engaged in conduct which violates Plaintiff's rights to due process under the Fifth Amendment of the United States Constitution and as such, is actionable pursuant to 42 USC 1983, and further determine that Plaintiff is entitled to the injunctive relief pursuant to 42 USC 1983 as set forth therein.

B.    On Count Two of Plaintiff's Complaint - find and determine that Defendants have jointly and severally engaged in conduct which violates Plaintiff's rights to due process under the Fifth Amendment of the United States Constitution and as such, is actionable pursuant to 42 USC 1983, and further determine that Plaintiff is entitled to the injunctive relief pursuant to 42 USC 1983 as set forth herein.

C.    On Count Three of Plaintiff's Complaint - find that the de facto confiscation and/or taking of Plaintiff's Property by causing denial of Plaintiff's lawful rights to compel an adjudication of partition pursuant to Ohio Revised Code §5703 is a violation of Plaintiff's rights of due process under the Fifth Amendment of the United States Constitution and as such, is actionable pursuant to 42 USC 1983, and find for Plaintiff's in its damages claims for said confiscation/taking and award monetary damages in favor of Plaintiff and jointly and severally against Defendants, in the sum of $5,000,000.00, as well as Plaintiff's  attorney's fees, expenses and costs of this proceeding.

D.    On Count Four of Plaintiff's Complaint - find that Defendants have jointly and severally engaged in the violation Plaintiff's rights to due process under the Fifth Amendment of the United States Constitution and as such, is actionable pursuant to 42 USC 1983. And, that such conduct is an outrageous abuse of constitutional

rights, and/or constitute oppression or insult, in this case, the willful and blatant de facto confiscation and/or taking of Plaintiff's Property and appurtenant rights.  And, therefore, this Court should award Plaintiff punitive damages in the sum of $10,000,000.00, as well as Plaintiff's  attorney's fees, expenses and costs of this proceeding, and further providing that any such an award of punitive damages be considered by this Court, independently of any determination or order of: (i) any declaratory judgment (ii) injunctive relief; (iii) any award of monetary damages; or (iv) any combination thereof and/or other such relief as this Court may find reasonable under law or equity.

Plaintiff respectfully requests that this Court grant the relief set forth herein, and any other relief that this Court shall find just, reasonable, and equitable.

Respectfully submitted,

DINN, HOCHMAN & POTTER, LLC:


/s/ Robert W. McIntyre
ROBERT W. McIntyre (0006768)
5910 Landerbrook Drive, Suite 200
Cleveland, Ohio  44124
(440) 446-1100 – Phone
(440) 446-1240 – Fax
rmcintyre@dhplaw.com
Attorney for Plaintiff

26